IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CORDARYL CORNELIUS BERRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:14-CV-1110-WKW |
| ) | [WO] |
| KEITH REED, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Cordaryl Cornelius Berry, an inmate incarcerated at the Houston County Jail in Dothan Alabama. Plaintiff complains he is being harassed by staff at the jail who are falsely accusing him of being homosexual. Plaintiff requests justice. Plaintiff names Keith Reed as the defendant. Upon thorough review of the complaint, the court concludes this case is due to be summarily dismissed prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[1]

**I. DISCUSSION**

*A. Slander/Verbal Harassment*

Plaintiff complains his name is being slandered at the jail by staff falsely indicating

---

[1] The court granted Plaintiff leave to proceed *in forma pauperis* in this case. *Doc. No. 3*. A prisoner who is allowed to proceed *in forma pauperis* will have his/her complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a prisoner's complaint if it determines that the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

he is incarcerated on charges involving homosexual acts. He states he is incarcerated on a charge of sodomy and no homosexual activity is included in the charge. He complains, however, that jailers at the Houston County Jail are falsely accusing him of being homosexual, ridiculing him, making gay jokes, and looking at him like he is a "gay guy." Plaintiff states he is not gay and the harassment upsets him and makes him feel like nothing. *Doc. No. 1* at 3-4.

To state a viable claim for relief in a 42 U.S.C. § 1983 action the conduct complained of must have deprived Plaintiff of rights, privileges or immunities secured by the Constitution, and the deprivation must have occurred under color of state law. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999); *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). Any injury to Plaintiff's reputation alone does not deprive him of any liberty or property interest protected by the Due Process Clause of the Constitution. *See Siegert v. Gilley*, 500 U.S. 226 (1991); *see also Paul v. Davis*, 424 U.S. 693, 712 (1976). Further, derogatory, demeaning, profane, threatening, or abusive comments made by an officer to an inmate, no matter how repugnant or unprofessional, do not rise to the level of a constitutional violation. *Edwards v. Gilbert*, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989) (mere verbal taunts, despite their distressing nature, directed at inmate by jailers do not violate inmate's constitutional rights); *Ayala v. Terhune*, 195 Fed. Appx. 87, 92 (3rd Cir. 2006) ("[A]llegations of verbal abuse, no matter how deplorable, do not present actionable claims

under § 1983."); *Sims v. Hickok*, 185 F.3d 875 (10th Cir. 1999) (table) (district court's summary dismissal of inmate's complaint for failure to state a claim appropriate because officer's insults and racial slurs did not amount to a constitutional violation); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (verbal abuse establishes no cause of action under § 1983); *Gaul v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (Eighth Amendment trivialized by assertion that mere threat constitutes a constitutional wrong and threatening to commit an act prohibited by the Constitution is not equivalent to doing the act itself); *Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986) (mere name-calling did not violate inmate's constitutional rights).

The conduct about which Plaintiff complains will not support a claim of violation of his constitutional rights. Because this claim lacks an arguable basis in law, it is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319 (1989).

B.  Missed Meal

Plaintiff complains he was not fed one evening. He indicates a jailer brought him him a peanut butter sandwich made with the end pieces of the bread. *Doc. No. 1* at 3.

A prison official has a duty under the Eight Amendment to "ensure that inmates receive adequate food, clothing, shelter and medical care."[2] *Farmer v. Brennan,* 511 U.S.

---

[2] It appears Plaintiff's status at the jail is that of a pretrial detainee. The Fourteenth Amendment, rather than the Eighth Amendment, provides the appropriate standard for assessing whether conditions of confinement imposed upon a pretrial detainee are violative of the Constitution. *Bell v. Wolfish*, 441 U.S. 520 (1979); *Lancaster v. Monroe County, Ala.*, 116 F.3d 1419, 1425 n.6 (11th Cir. 1997); *Cottrell v. Caldwell*, 85 F.3d 1480, 1490 (11th Cir. 1996) ("Claims involving the mistreatment of arrestees or pretrial detainees in custody are governed by the Fourteenth Amendment's Due Process Clause...."). However, for analytical purposes, there is no meaningful difference between the analysis required by the Fourteenth Amendment and

825, 832 (1994). To demonstrate an Eighth Amendment violation regarding conditions of confinement, a prisoner must satisfy both an objective and a subjective inquiry. *Farmer*, 511 U.S. at 834.  The objective component requires an inmate to prove that  he was denied the "minimal civilized measure of life's necessities." *Id*.  The challenged prison condition must be "extreme" and must pose "an unreasonable risk of serious damage to his future health." *Chandler v. Crosby*, 379 F.3d 1278, 1289-90 (11th Cir. 2004).   The subjective component requires a prisoner to prove that the prison official acted with "deliberate indifference" in disregarding that risk by showing that an official knew the inmate faced a "substantial risk of serious harm" and with such knowledge, disregarded that risk by failing to take reasonable measures to abate it. *Farmer*, 511 U.S.  at 828, 834, 837.

Regarding claims involving a denial of food, courts look to the amount and duration of the deprivation in determining whether the deprivation is sufficiently serious. *See Talib v. Gilley,* 138 F.3d 211, 214 n.3 (5th Cir. 1998). Here, Plaintiff alleges the deprivation of an evening meal on one occasion but indicates he received a sandwich. This alleged deprivation is not sufficiently serious to rise to the level of a constitutional violation, and it is, therefore, subject to dismissal as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). *See e.g. Dartling v. Farwell*,

---

that required by the Eighth Amendment. *Hamm v. DeKalb County*, 774 F.2d 1567, 1574 (11th Cir. 1985); *Cottrell*, 85 F3d at 1490 ("[T]he applicable standard is the same, so decisional law involving prison inmates applies equally to cases involving arrestees or pretrial detainees.").  Thus, the undersigned relies on cases interpreting the Eighth Amendment's prohibition against cruel and unusual punishment and not the Fourteenth Amendment's guarantee of due process when addressing Plaintiff's conditions claim because the standard for violations of the Eighth Amendment applies to pretrial detainees through the Due Process Clause of the Fourteenth Amendment. *Tittle v. Jefferson County Commission*, 10 F.3d 1535, 1539 (11th Cir. 1994) (observing "[w]hether the alleged violation is reviewed under the Eighth or Fourteenth Amendment is immaterial.").

139 Fed. Appx 847 (9th Cir. 2005) (inmate's allegation he was deprived of a single meal did not constitute an injury serious enough to support an Eighth Amendment claim.); *Wilkins v. Roper*, 843 F. Supp. 1327 (E.D. Mo.1994) (plaintiff failed to state a claim under the Eighth Amendment based on the denial of a single meal); *Brown v. Madison Police Department,* 2003 WL 23095753, *3 (W.D. Wis. 2003) (dismissing claim by plaintiff alleging that he was denied two meals on a single occasion).

*C. Defendant Reed*

Plaintiff names Commander Keith Reed as the defendant. A review of the complaint, however, reveals Plaintiff states no specific claim against this defendant and indicates only he is "over the jail." *Doc. No. 1* at 2. The court, therefore, concludes that Plaintiff's complaint against Defendant Reed is due to be dismissed. *See Douglas v. Yates,* 535 F.3d 1316, 1322 (11th Cir. 2008) (holding that a district court properly dismisses defendants where a prisoner, other than naming the defendant in the caption, states no allegations that connect the defendants with the alleged constitutional violation); *See Potter v. Clark,* 497 F.2d 1206, 1207 (7th Cir. 1974) (per curiam) (court properly dismissed *pro se* complaint that was silent as to defendant except for his name appearing in caption).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

It is further

ORDERED that **on or before November 21, 2014,** Plaintiff may file an objection to the Recommendation. Any objection filed must clearly identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of issues covered in the report and shall bar a party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 6th day of October 2014.

    /s/Terry F. Moorer
    TERRY F. MOORER
    UNITED STATES MAGISTRATE JUDGE