IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

CORDARYL CORNELIUS BERRY, )
 )
 Plaintiff, )
 )
 v. ) CIVIL ACTION NO. 1:14-CV-1110-WKW
 ) [WO]
KEITH REED, )
 )
 Defendant. )


**SUPPLEMENTAL RECOMMENDATION OF THE MAGISTRATE JUDGE**

On November 6, 2014, the undersigned entered a Recommendation that Plaintiff's complaint be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i).  Plaintiff filed an objection to the Recommendation. Upon review of this pleading, the court considered it to contain a motion to amend wherein Plaintiff raised additional allegations to support his complaint. Upon review of the motion, the  court directed Plaintiff to file a further amendment to his complaint which he has now done. Upon consideration of the allegations in the amendments to the complaint, the undersigned finds that such allegations are subject to dismissal for the reasons which follow.

**I. DISCUSSION**

In the November 6, 2014, Recommendation of the Magistrate Judge, the court recommended dismissal of the instant 42 U.S.C. § 1983 action under the directives of 28 U.S.C. § 1915(e)(2)(B)(i). *Doc. No. 5*. Specifically, the court found that Plaintiff's allegations of verbal abuse and harassment and his claim he received no meal on one occasion failed to state a violation of his constitutional rights.  *Id.* The court also determined that Plaintiff's complaint against Defendant Reed was due to be dismissed as he alleged no allegations against this

defendant. *Id*. In the amendment to his complaint, Plaintiff maintains he is not just claiming that staff at the Houston County Jail is making derogatory comments. *Doc. No. 6*. Rather, Plaintiff claims that false information is in the facility's computers regarding the charges against him and that "they have [him] labeled in the computer as a homosexual." *Id*. On January 9, 2015, the court directed Plaintiff to file a further amendment by describing the  information he claims is false which is maintained in the Houston County Jail's computer system and/or his inmate file and further describing the effect and/or impact to which he has been subjected, if any, from the alleged false information. *Doc. No. 8*.  Plaintiff filed his amendment on January 22, 2015. *Doc. No. 12*.

In the January 22, 2015, amendment, Plaintiff states his complaint is one for slander and defamation. He alleges he has been "labeled" within the Houston County Jail's computer system as being a homosexual or involved in homosexual activity where the system indicates the charge against him is "sodomy 2nd homosexual activity with a girl," which, the court notes, in this instance, is a contradiction in terms. *Doc. No. 12*.  Plaintiff further complains staff at the jail has full access to inmate files "to explore," and "now [it is] in the air pertaining to [Plaintiff] being in dealings of homosexuality" which has led to him being "ridiculed by anonymous beings." *Id*. Plaintiff essentially alleges that he suffered damage to his character and name based on the allegedly erroneous information circulating "in the air" at the jail regarding the criminal charges lodged against him.

Plaintiff's claims for defamation and slander which he presents in the amendments to his complaint fail to state a claim of constitutional proportion since the Constitution does not forbid defamation, libel, or slander although such may be actionable torts under state law. *See Davis v. City of Chicago*, 53 F.3d 801, 803 (7th Cir. 1995), *citing Siegert v. Gilley*, 500 U.S. 226 (1991),

*Paul v. Davis*, 424 U.S. 693 (1976), and *Buckley v. Fitzsimmons*, 20 F.3d 789, 797-798 (7th Cir. 1994). Injury to reputation alone, apart from some more tangible liberty or property interest, is by itself, insufficient to invoke the procedural protection of the Due Process Clause. *Paul*, 424 U.S. at 701. What Plaintiff seeks to sanction in this matter is the very result the Court in *Paul* rejected, *i.e.*, the constitutionalizing of the ordinary defamation action.

Here, Plaintiff has not alleged that he has suffered any injury other than that to his reputation. Because injury to reputation alone presents no actionable claim under section 1983, the claims in the amendments to Plaintiff's complaint are due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke v. Williams*, 490 U.S. 319 (1989). Moreover, to the extent Plaintiff maintains that the description of criminal charges against him as maintained in the computer system at the Houston County Jail is erroneous and/or inaccurate, his  conclusory and contradictory allegations in this regard are insufficient. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level").

Notwithstanding the foregoing, the court notes that, as with his original complaint, nothing in the amendments to Plaintiff's complaint implicate Defendant Reed in any of the conduct about which he complains. *See Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (holding that a district court properly dismisses defendants where a prisoner, other than naming the defendant in the caption, states no allegations that connect the defendants with the alleged constitutional violation). To the extent Plaintiff names Commander Reed as a defendant based on his supervisory position, supervisory personnel cannot be liable under § 1983 for a constitutional violation of one of their subordinates via a theory of *respondeat superior* or on the basis of vicarious liability. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691-95  (1978)

(doctrine of *respondeat superior* is inapplicable to § 1983 actions); *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994) (42 U.S.C. § 1983 does not allow a plaintiff to hold supervisory officials liable for the actions of their subordinates under either a theory of *respondeat superior* or vicarious liability); see also *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (holding that a supervisory official is liable only if he "personally participate[d] in the alleged unconstitutional conduct or [if] there is a causal connection between [his] actions ... and the alleged constitutional deprivation."). Accordingly, the court finds that the amendments to Plaintiff's complaint against Defendant Reed may be dismissed on this basis as well.

## II. CONCLUSION

It is the RECOMMENDATION of the Magistrate Judge that:

1. The November 6, 2014, Recommendation of the Magistrate Judge (*Doc. No. 5*) be ADOPTED and Plaintiff's objections thereto (*Doc. No. 6*) be overruled;

2. Plaintiff's claims for defamation and slander in the amendments to the complaint (*Doc. Nos. 6, 12*), be DISMISSED with prejudice under the directives of 28 U.S.C. § 1915(e)(2)(B)(i); and

3. The complaint and amendments thereto be DISMISSED prior to service of process.

It is further

ORDERED that **on or before April 8, 2015**, Plaintiff may file an objection to the Supplemental Recommendation. Any objection filed must clearly identify the findings in the Magistrate Judge's Supplemental Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised this Supplemental Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of issues covered in the report and shall bar a party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 23rd day of March 2015.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE